# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>           Plaintiff,<br><br>     v.<br><br>G. STOLL, et al.,<br><br>           Defendants. | 1:15-cv-00468-AWI-JLT (PC)<br><br>ORDER REQUESTING ASSISTANCE OF LITIGATION COORDINATOR<br><br>FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S REQUEST FOR WRITING SUPPLIES AND ACCESS TO THE LAW LIBRARY FOR LACK OF JURISDICTION<br><br>(Doc. 8)<br><br>30-DAY DEADLINE |

    Plaintiff is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On April 6, 2015, Plaintiff filed a request for an order directing the Warden at Salinas Valley State Prison to provide him "pro-se writing supplys [sic] such as ink pen filler, writing paper and envelopes required for litigation of this above entitled case, furthermore to provide Plaintiff with access to [sic] law library." (Doc. 8.) Plaintiff states that the supplies have not been made available to him since December of 2014. (*Id.*) This motion is construed as a motion seeking injunctive relief.

    Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before

1

it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Further, the pendency of this action does not give the Court jurisdiction over prison officials in general or over the issues raised in Plaintiff's motion. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 129 S.Ct. at 1148-49; *Mayfield*, 599 F.3d at 969.

Plaintiff does not seek a temporary restraining order and/or preliminary injunction against any of the Defendants named in this action. "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's motion must be denied for lack of jurisdiction over the Warden at Salinas Valley State Prison.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. Plaintiff's accusations concerning his inability to obtain writing materials and access to the law library cannot and do not overcome the *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for the relief Plaintiff seeks.

While Plaintiff is not entitled unlimited access to a law library and/or the resources necessary to prepare optimal legal filings, he must be allowed access to resources sufficient to enable him to prepare and file his response to the order to show cause as to why this action should not be dismissed. *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996). This necessarily includes access to writing material and the law library. The Court recognizes that prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-322 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1970). Accordingly, the Court shall defer to the prison's policies and practices in granting access to the law library and issuing writing materials to pro se inmates. However, the Litigation Office is requested to look into the matter and facilitate Plaintiff's access to writing materials as provided for indigent inmate as well as his access to the law library and other legal resources to the extent necessary to allow Plaintiff to complete and file his response to the order to show cause.[1] The deadline for Plaintiff's response to the order to show cause has already been extended forty-five days to allow the Litigation Office sufficient time to address this matter and to allow Plaintiff time thereafter to complete the task of drafting and filing his response. (*See* Doc. 12.)

Accordingly, it is HEREBY ORDERED that the Litigation Office at Salinas Valley State Prison is requested (1) to investigate Plaintiff's ability to obtain writing materials for indigent inmates and (2) to facilitate Plaintiff's access to the law library and to any other available legal resources to the limited extent necessary for Plaintiff to complete and file his response to the pending order to show cause; and the Clerk's Office shall serve a copy of this document and the order that issued on July 2, 2015 (Doc. 12)[2] on the Litigation Office at Salinas Valley State Prison.

Further, it is HEREBY RECOMMENDED that Plaintiff's motion for an order directing

---

[1] How access is best facilitated in light of Plaintiff's housing status and other custody or classification factors is left to the sound discretion of prison officials.

[2] The July 2nd order erroneously ordered the Clerk's Office to serve a copy of it on the Litigation Office at CSATF.

3

the Warden at Salinas Valley State Prison to provide Plaintiff with pro se writing supplies and access to the law library, filed April 4, 2015 (Doc. 8), be DENIED for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 9, 2015**                             **/s/ Jennifer L. Thurston**
                                                                  UNITED STATES MAGISTRATE JUDGE