# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRZYSZTOF F. WOLINSKI,<br><br>        Plaintiff,<br><br>    v.<br><br>STOLL, et al.,<br><br>        Defendants. | Case No.  1:15-cv-00468-AWI-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITH PREJUDICE FOR FAILURE/INABILITY TO STATE A CLAIM**<br><br>**(Doc. 1)**<br><br>**30-DAY DEADLINE** |

Plaintiff claims that an officer stole his package of goods and that others were involved in assisting the officer keep the goods. The Court has reviewed the complaint and finds that it fails to state a claim and, therefore, recommends it be dismissed.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or

1

immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

## II. Summary of the Complaint

Plaintiff is currently housed at Salinas Valley State but complains of acts that occurred at Corcoran State Prison ("CSP"). Plaintiff names Property Officer G. Stoll, Captain R. Broomfield, and Sergeant D.B. Hernandez as Defendants in this action and seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that Officer Stoll stole Plaintiff's 2014 yearly personal package. Plaintiff alleges that he reported this to Capt. Broomfield who ordered a cover up of the incident. Plaintiff then filed an inmate appeal against both Officer Stoll and Capt. Broomfield to which Sgt. Hernandez responded and joined the conspiracy with the other two, to deny Plaintiff's receipt of his yearly package.

As discussed in greater detail below, Plaintiff is unable to state a cognizable claim on these allegations. This action is thus appropriately dismissed with prejudice.

## III. Analysis

### A. Plaintiff's Claims

#### 1. Theft of Property

Plaintiff alleges that Officer Stoll took his personal property -- specifically his yearly personal package for 2014 -- and that the other Defendants conspired to cover up Officer Stoll's actions. The Due Process Clause protects prisoners from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and prisoners have a protected interest in their personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However,

while an authorized, intentional deprivation of property is actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a state employee "constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available," *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). California law provides an adequate post-deprivation remedy for any property deprivations. *Barnett v. Centoni*, 31 F.3d 813, 816-817 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

Thus, Plaintiff fails and is unable to state a cognizable claim for violation of his rights under the United States Constitution based on Officer's Stoll's taking of Plaintiff's 2014 yearly package and likewise, he is unable to state a cognizable claim based on the acts of Capt. Broomfield or Sgt. Hernandez to cover it up.

**2. Conspiracy**

Plaintiff just generally states that Sgt. Hernandez joined the "conspiracy" to cover up Officer Stoll's taking of his yearly package. (Doc. 1, p. 3.)

A claim brought for violation of section 1985(3) requires "four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (citation omitted). A claim for violation of section 1985(3) requires the existence of a conspiracy and an act in furtherance of the conspiracy. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted). A mere allegation of conspiracy is insufficient to state a claim. *Id.* at 676-77. "A racial, or perhaps otherwise class-based, invidiously discriminatory animus is an indispensable element of a section 1985(3) claim." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001) (quotations and citation omitted). Restraint must be exercised in extending section 1985(3) beyond racial prejudice.

*Butler v. Elle*, 281 F.3d 1014, 1028 (9th Cir. 2002).

Any conspiracy claim that Plaintiff might have intended to allege is not cognizable as he does little other than suggest that Defendants all agreed to let Officer Stoll keep Plaintiff's 2014 yearly package. Bare allegations that the defendants conspired to keep Plaintiff from receiving his yearly package are conclusory at best. *See Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009).

### 3. State Law Claims

#### a. Supplemental Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Since Plaintiff fails and is unable to state any cognizable claims under federal law upon which to proceed his claims under state law must be dismissed as well.

#### b. California Code of Regulations and Penal Codes

Further, Plaintiff alleges that Defendants violated Penal Code section 118.1 when they kept him from receiving his 2014 yearly package. However, the existence of regulations that govern the conduct of prison employees and for prosecution of criminal activities do not necessarily entitle Plaintiff to sue civilly to enforce the regulations, for criminal prosecution, or to sue for damages based on their violation. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 of the California Penal Code and Plaintiff alleged none. Given that the statutory language does not support an inference that there

4

is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of the California Penal Code.

### c. California Tort Claims Act

Finally, under the California Tort Claims Act ("CTCA"), set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board ("VCGCB" or "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id.* at 1239 (fn.omitted).

Plaintiff did not state any allegations to show compliance with the CTCA to be allowed to proceed on any claims under California law in this action, but since he is unable to state any cognizable claims to proceed on claims under federal law either, this is a moot issue.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a cognizable claim against any of the named Defendants. The deficiencies in Plaintiff's pleading are not capable of being cured through amendment, *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012), and Plaintiff should not be given leave to amend his section 1983 claims.

Accordingly, it is HEREBY RECOMMENDED that this entire action be dismissed with prejudice and this dismissal should count as a strike for purposes of 28 U.S.C. §1915(g).

1    These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30**
3 **days** after being served with these Findings and Recommendations, Plaintiff may file written
4 objections with the Court.  The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
6 specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,
7 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 20, 2015**                              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE